**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

JOSÉ JIKLIN PALMERO BÁZAN, by
and through his mother and Next Friend,
TAYMI TERESA BÁZAN ALFONSO

      Petitioner,

v.                                  No. 1:26-cv-00988-MLG-JHR

WARDEN, Torrance County Detention Center;
CALEB VITELLO, Acting Director, U.S. Immigration
and Customs Enforcement; TODD M. LYONS, Acting
Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] Secretary, Department of
Homeland Security; and PAMELA BONDI, Attorney
General of the United States.

      Respondents.

**ORDER TO ANSWER PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C.
§ 2241, DENYING EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF
PETITION FOR WRIT OF HABEAS CORPUS, GRANTING EMERGENCY MOTION
FOR STAY OF REMOVAL PENDING ADJUDICATION OF HABEAS CORPUS
PETITION, AND DENYING AS MOOT EMERGENCY MOTION FOR
<u>TEMPORARY RESTRAINING ORDER</u>**

Pro se Petitioner José Jiklin Palmero Bázan, a Cuban national and citizen, is detained at

Torrance County Detention Center in Estancia, New Mexico. Doc. 1 at 3. He has been in U.S.

Immigration and Customs Enforcement ("ICE") custody since July 2, 2025, following completion

of the custodial portion of his criminal sentence for organized retail theft and another unspecified

second-degree felony. *Id.* (stating that the custodial component of his sentence was six months

long and was to be followed by seven years of probation). He alleges that rather than beginning

his noncustodial probationary period, "he was immediately subjected to an ICE hold and placed

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil
Procedure 25(d).

into civil immigration detention . . . [without] a lawful warrant or meaningful explanation sufficient to permit him to challenge the basis, necessity, and duration of his detention in a timely and effective manner." *Id.* He further alleges experiencing "constitutionally deficient" detention conditions, including significant deprivation of clean food and water, lack of medical care, and mistreatment that raises to the level of "discriminatory, xenophobic, and psychologically abusive." *Id.* at 4. These conditions, coupled with being unable to communicate with family, prepare his legal case, or receive continuous medical care after more than six transfers between various detention facilities, have culminated in sustained psychological distress and emotional instability. *Id.* at 3-4. And throughout his time in ICE custody, his immigration proceedings have advanced— an Immigration Judge ("IJ") entered an order for his removal after a December 11, 2025, individual hearing. *See id.* at 4. He alleges this final removal order was timely appealed to the Board of Immigration Appeals ("BIA") and remains pending at this time. *Id.*

Palmero Bazán now files a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), Doc. 1, arguing his prolonged civil immigration detention without an individualized custody determination, "repeated arbitrary transfers and impaired access to the courts[,]" "punishment-like confinement" under harsh conditions, and threat of removal or third-country transfer without notice cumulatively amount to a constitutional violation of his Fifth Amendment Due Process rights. *Id.* at 5-8; *see also id.* at 6 ("[T]he specific combination present here—extended duration, completed criminal sentence, unresolved appellate posture, repeated transfers, conditions allegations, chilled access to legal self-help, family separation, and the absence of a meaningful present-tense custody determination by a neutral decisionmaker—renders continued detention arbitrary and excessive . . . ."). His Petition asks the Court to:

    A.  Issue the writ and order Respondents to show cause why Petitioner's detention is lawful;

B. declare that Petitioner's continued civil immigration detention, as applied to the facts of this case, violates the Due Process Clause and exceeds constitutional limits;

C. order Petitioner's immediate release from ICE custody under reasonable conditions, if any, that the Court deems appropriate;

D. in the alternative, order a prompt constitutionally adequate individualized custody hearing before a neutral decisionmaker at which the Government bears the burden of proving by clear and convincing evidence that continued detention is necessary because Petitioner poses an actual danger or a genuine flight risk and that no less restrictive alternatives will suffice;

E. pending final disposition of this habeas petition, enjoin Respondents from removing Petitioner, transferring him outside this District in a manner that would frustrate review, or effectuating transfer to any third country without prior notice to the Court and to Next Friend sufficient to permit meaningful judicial review;

F. order Respondents to preserve all records relevant to Petitioner's detention, transfer history, custody determinations, medical requests, grievances, disciplinary records, classification records, and notices relating to removal or transfer;

G. award such other and further relief as law and justice require.

*Id.* at 8-9.

Along with his Petition, Palmero Bazán simultaneously filed an Emergency Motion to Expedite Consideration of Petition for Writ of Habeas Corpus ("Motion to Expedite"), Doc. 2, an Emergency Motion for Stay of Removal Pending Adjudication of Habeas Corpus Petition ("Motion for Stay of Removal"), Doc. 3, and an Emergency Motion for Temporary Restraining Order to Prevent Deportation, Transfer, or Removal to a Third Country ("Motion for TRO"), Doc. 4.

On April 1, 2026, the Clerk's Office electronically served Palmero Bazán's pro se Petition, Doc. 1, on Respondents in accordance with the District's recent Standing Order. *See* Doc. 7; Standing Order, *In re Serv. of Process in Immigr. Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026) [hereinafter Standing Order]. Pursuant to the Standing Order, Respondents have also been added as notice-recipients through the CM/ECF

3

system and will receive electronic notice of all filings in this case. Within ten business days of entry of this Order,[2] the United States Attorney's Office for the District of New Mexico ("USAO") must respond to the Petition and show cause why the Court should not grant the requested relief.

If Palmero Bazán wishes to file a reply, he must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[3]

As to Palmero Bazán's emergency motions, the Court hereby denies the Motion to Expedite,[4] Doc. 2, and grants the Motion for Stay of Removal, Doc. 3. The Motion for Stay of Removal seeks an order enjoining Respondents from removing Palmero Bazán from the United States or transferring him out of the District of New Mexico. *Id.* at 4. Palmero Bazán has already been transferred six times, and his Petition states that these repeated transfers have negatively impacted his ability to litigate this case and obtain proper habeas review. *See* Doc. 1 at 2-3. The Court thus enjoins Respondents, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Palmero Bazán outside the District of New Mexico or removing him from the United States to any other country during the pendency of these habeas proceedings. *See Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 948-49 (D. Colo. 2025) (collecting cases in which district courts have relied on the All Writs Act to enjoin transfer of petitioner to another district during the pendency of their habeas proceedings), *appeal filed*, *Arostergui-Maldonado v. Baltazar*, No. 25-1377 (10th Cir) (filed on Oct. 1, 2025). The Court retains jurisdiction to enforce this Order

---

[2] The Standing Order issued on January 28, 2026, requires the Court to give Respondents at least ten business days to respond to the Petition.

[3] The Court generally does not permit remote appearances. All interested counsel must appear for hearings in person.

[4] The reason for which is stated at *supra* note 2.

unless and until Palmero Bazán's Order of Removal becomes administratively final. *See* Doc. 1 at 4 (explaining that an IJ entered an Order of Removal on December 11, 2025, but that it "is not administratively final for purposes of foreclosing all judicial protection against unlawful detention or irreparable transfer-related harm" while it remains pending before the BIA); *but see* § 1252(g) ("Except as provided in this section and notwithstanding . . . habeas corpus provision[s], no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ."); *Torres-Moreno v. U.S. Dep't of Homeland Sec.*, No. 22-cv-438-G, 2022 WL 1817367, at *2 (W.D. Okla. June 1, 2022) ("More pointedly, a removal order has already been entered as to Plaintiff, and this Court is expressly barred by statute from reviewing or preventing the execution of that [final] removal order." (citing § 1252(g))).

Palmero Bazán's Motion for TRO requests the same relief as his Motion for Stay of Removal. *Compare* Doc. 4 *with* Doc. 3. Because his Motion for Stay of Removal has been fully addressed and granted by this Order, his Motion for TRO, Doc. 4, is denied as moot.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

5