**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSÉ JIKLIN PALMERO BÁZAN,

Petitioner,

v. No. 1:26-cv-00988-MLG-JHR

WARDEN, Torrance County Detention Center, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on pro se Petitioner José Jiklin Palmero Bázan's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. 1. The Court, having considered the Petition, having held a hearing on November 20, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

For the reasons stated on the record during the hearing and incorporating the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) and *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287 (D.N.M. 2025), the Court grants the Petition.

Palmero Bázan shall be released within forty-eight hours of the entry of this Order.[1] He shall be released with all identification documentation that he possessed on his person when detained along with a copy of this Order.

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA